**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of New Jersey**
(State)

Case number *(if known)*: ____________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. **Debtor's Name** | **1135 East Chocolate Avenue Leasing LLC** | |
| 2. **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names, and *doing business as* names | **N/A** | |
| 3. **Debtor's federal Employer Identification Number** (EIN) | **84-2579201** | |
| 4. **Debtor's address** | **Principal place of business**<br>**1135 East Chocolate Avenue**<br>Number Street<br><br>**Hershey** **PA** **17033**<br>City State Zip Code<br><br>**Dauphin**<br>County | **Mailing address, if different from principal place of business**<br>**50 Quality Street, #110357**<br>Number Street<br><br>P.O. Box<br>**Trumbull** **CT** **06611**<br>City State Zip Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number Street<br><br>City State Zip Code |
| 5. **Debtor's website** (URL) | **https://damisholdings.com** | |

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**5313**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to) insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

District ______ When ______ MM/DD/YYYY Case number ______

District ______ When ______ MM/DD/YYYY Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor **See Rider 1** Relationship **Affiliate**
District **New Jersey** When **06/04/2026** MM / DD / YYYY
Case number, if known

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
Number Street

City State Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency
Contact name
Phone

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☒ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor **1135 East Chocolate Avenue Leasing LLC** Case number *(if known)*
Name

**15. Estimated assets (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities (on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **06/04/2026**
MM/ DD / YYYY

✘ ***/s/ Perry M. Mandarino***
Signature of authorized representative of debtor

**Perry M. Mandarino**
Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

✘ ***/s/ Michael D. Sirota***
Signature of attorney for debtor

Date **06/04/2026**
MM/DD/YYYY

**Michael D. Sirota**
Printed name

**Cole Schotz P.C.**
Firm name

**25 Main Street**
Number Street

**Hackensack** **NJ** **07601**
City State ZIP Code

**(201) 489-3000**
Contact phone

**msirota@coleschotz.com**
Email address

**014321986** **NJ**
Bar number State

| **Fill in this information to identify the case**: |
|---|
| United States Bankruptcy Court for the: |
| **District of New Jersey** |
| (State) |
| Case number *(if known)*: ________________ Chapter 11 |

☐ Check if this is an amended filing

**Rider 1**[1]
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

- 1000 Acres Holdings, LLC
- 1101 East Glendale Boulevard Real Estate LLC
- 1101 East Glendale Boulevard Leasing LLC
- 11200 West Florissant Avenue Leasing LLC
- 11200 West Florissant Avenue Realty LLC
- 1133 Northwest L Street Leasing LLC
- 1133 Northwest L Street Real Estate LLC
- 1135 East Chocolate Avenue Leasing LLC
- 12 Cambridge Drive Leasing LLC
- 12 Cambridge Drive Realty LLC
- 1323 Augusta West Parkway Leasing LLC
- 1323 Augusta West Parkway Real Estate LLC
- 1401 US Highway 49B Real Estate LLC
- 149 Emerald Street Leasing LLC
- 149 Emerald Street Real Estate LLC
- 1600 Eastchase Parkway Leasing LLC
- 1600 Eastchase Parkway Real Estate LLC
- 1912 Memorial Drive Real Estate, LLC
- 194 Washington Avenue Leasing LLC
- 194 Washington Avenue Real Estate LLC
- 200 Great Pond Drive Leasing LLC
- 200 Great Pond Drive Real Estate LLC
- 201 Centre Drive Leasing LLC
- 201 Centre Drive Real Estate LLC
- 2195 Harlem Road Leasing LLC
- 2195 Harlem Road Real Estate LLC
- 2203 Grand Canal Boulevard Leasing LLC
- 2203 Grand Canal Boulevard Real Estate LLC
- 2302 Windsong Drive Leasing LLC
- 2434 South Interstate 35E Leasing LLC
- 2434 South Interstate 35E Real Estate LLC
- 250 Progressive Leasing LLC
- 250 Progressive Real Estate LLC
- 2547 Brindle Drive Leasing LLC
- 2547 Brindle Drive Real Estate LLC
- 2974 Coppercreek Road Leasing LLC
- 3385 Newmark Drive LLC
- 3413 Tittabawassee Road Leasing LLC
- 3413 Tittabawassee Road Real Estate LLC
- 348 Morris Avenue Real Estate LLC
- 400 Greens Road Leasing LLC
- 400 Greens Road Real Estate LLC
- 4200 Park Avenue Leasing LLC
- 4328 Bay Road Leasing LLC
- 4328 Bay Road Real Estate LLC
- 44 Southpoint Drive Leasing LLC
- 45 Commerce Drive Leasing LLC
- 45 Commerce Drive Real Estate LLC
- 4650 Westway Park Boulevard Leasing LLC
- 4650 Westway Park Boulevard Real Estate LLC
- 4800 Ush 280 Leasing LLC
- 4800 Ush 280 Real Estate LLC
- 5707 MacCorkle Avenue Leasing LLC
- 5707 MacCorkle Avenue Real Estate LLC
- 7335 Gladiolus LLC
- 771 Corporate Drive Leasing LLC
- 771 Corporate Drive Real Estate LLC
- 830 County Road 64 Leasing LLC
- 830 County Road 64 Real Estate LLC
- 90 Pleasant Valley Street Leasing LLC
- 90 Pleasant Valley Street Real Estate LLC
- Achim Landco LLC
- Achim Operatingco LLC
- BAHS Holdings LLC
- BAHS Operating Inc.
- Banner Landco LLC
- Banner Operatingco LLC
- Belgrade Lakes Summer Camps LLC
- Belmont Apartment Partners LLC
- Bluestar Landco, LLC
- Bluestar Operatingco, LLC
- Camp Med-O-Lark, Inc.
- Catskill Wine and Food Festival LLC
- Chateaugay Campco LLC
- Chateaugay Landco LLC
- Club Getaway Landco, LLC

[1] This Rider remains subject to change upon the filing of additional petitions on behalf of Debtor affiliates.

- Club Getaway Operatingco, LLC
- Country Roads Landco LLC
- Country Roads Operatingco LLC
- DAMIS Holdings LLC
- DAMIS Venture LLC
- DASMAS Landco LLC
- Eagle's Landing Day Camp LLC
- East Hartford Properties Leasing LLC
- East Hartford Properties Real Estate LLC
- Fairplain Plaza Leasing LLC
- Fairplain Plaza Real Estate LLC
- Green Lane Landco, LLC
- Green Lane Operatingco, LLC
- Greenvilleland LLC
- Highland Park Partners LLC
- IAFALANDCO, LLC
- IAFAOPERATINGCO, LLC
- Intermediate SIMAD I LLC
- Island Lake Campco LLC
- Island Lake Landco LLC
- Kiwi Operatingco LLC
- Lavco LLC
- Lavland LLC
- MaineWekeelaco, LLC
- Malka Operatingco LLC
- Matteson Center Leasing LLC
- Matteson Center Real Estate LLC
- Meadowbrook Landco LLC
- Meadowbrook Operatingco LLC
- Mesorahco LLC
- Mesorahland LLC
- Mill Road Landco LLC
- Mogenavco LLC
- Mogenavland LLC
- Mohawkcampco LLC
- Mohawkland LLC
- Montclair Condo Holdings LLC
- Oklahoma Wilshire Lofts Leasing LLC
- Oklahoma Wilshire Lofts Real Estate LLC
- Pine Forest Campco LLC
- Pine Forest Landco LLC
- Poland Campco LLC
- Poland Landco LLC
- RDM Camps LLC,
- Rocking Horse Ranch Landco LLC
- Rocking Horse Ranch Operatingco LLC
- Rolling Hills Landco LLC
- Rolling Hills Operatingco LLC
- Secondary Paragould LLC
- Shab Holdings LLC
- Shab Operating Inc.
- SIMAD Equities LLC
- SIMAD Holdings LLC
- SIMAD Holdings Ltd.
- SIMAD Ventures LLC
- South Loop West Leasing LLC
- South Loop West Real Estate LLC
- Southwest Ohio Associates LLC
- Splashdown Beach Landco LLC
- Splashdown Beach Operatingco LLC
- Stony Creek Operating Co, LLC
- Summit Camp, LLC
- Turnpike Road Holdings LLC
- Washington Lake LLC
- Waukeela Landco LLC
- Waukeela Operatingco LLC
- Wekeeland LLC
- WG Operatingco LLC
- WM Camp LLC
- WM Land LLC
- Woodlands Eagle Timber Leasing LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| 1135 East Chocolate Avenue Leasing LLC, | Case No. 26-[____] (___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| SIMAD Holdings LLC | 50 Quality Street #110357<br>Trumbull, Connecticut 06611 | 80% |
| North American Real Estate Holdings LLC | N/A | 20% |

1 This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| 1135 East Chocolate Avenue Leasing LLC, | Case No. 26-[____] (___) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| SIMAD Holdings LLC | 80% |
| North American Real Estate Holdings LLC | 20% |

| Fill in this information to identify the case: | |
|---|---|
| Debtor Name | 1135 East Chocolate Avenue Leasing LLC |
| United States Bankruptcy Court for the: | **District of New Jersey** |
| Case number (If known): | |

☐ Check if this is an amended filing

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571**.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
☐ *Schedule H: Codebtors (Official Form 206H)*
☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
☐ Amended Schedule ____________________
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
☒ Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **06/04/2026**
MM/ DD/YYYY

***/s/ Perry M. Mandarino***
Signature of individual signing on behalf of debtor

**Perry M. Mandarino**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

**WRITTEN CONSENT**
**OF THE MANAGER**

The undersigned, being the sole manager (the "Manager") or the "Company Persons") of the companies set forth on Schedule A hereto (each a "Company", and collectively, the "Companies"), as applicable, do hereby consent to and adopt the following resolutions as of this 4th day of June 2026:

Bankruptcy Filing; Retention of Professionals; Appointment Chief Restructuring Officer

**WHEREAS**, in light of the Companies' current financial condition, the Company Persons of the Companies have investigated, discussed and considered all options for addressing the Companies' financial challenges and, after consultation with the Companies' advisors, have concluded that it is in the best interests of the Companies, their creditors, employees and other interested parties that a petition be filed by each of the Companies seeking relief under the provisions of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, the Company Persons have determined that it is in the best interests of the Companies, their creditors, employees and other interested parties to appoint Perry Mandarino as Chief Restructuring Officer (the "CRO") of the Companies to oversee and manage the day-to-day business operations and all matters pertaining to the administration of the Chapter 11 case. and

**NOW THEREFORE, BE IT**:

**RESOLVED**, that in the judgment of the Company Persons of the Companies, it is desirable and in the best interests of the Companies, their creditors, employees and other interested parties that a petition be filed by each of the Companies seeking relief under the Bankruptcy Code; and it is further

**RESOLVED**, that the Manager, in his capacity as Manager of the Companies, is hereby authorized, empowered and directed, in the name and on behalf of each of the Companies, to execute and verify a petition on behalf of each of the Companies under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") at such time as said Manager executing the same shall determine; and it is further

**RESOLVED**, that the law firm of Cole Schotz P.C. ("Cole Schotz") be, and hereby is, authorized, directed, and empowered to represent the Companies as restructuring and bankruptcy counsel to represent and assist the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights, including the preparation of pleadings and filings in the Chapter 11 case; and in connection therewith, the Manager be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Cole Schotz; and it is further

**RESOLVED**, that the financial advisory firm of B. Riley Securities, Inc. ("B. Riley") or such other financial advisory and investment banking firm or firms as the CRO, in the CRO's discretion, determines, be, and hereby is, authorized, directed, and empowered to represent the Companies as financial restructuring adviser and as investment banker to represent and assist the Companies in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations in connection with the Chapter 11 case; and in connection therewith, the Manager be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of such financial advisor and investment banker; and it is further

**RESOLVED**, that the firm of Kroll Restructuring Administration LLC ("Kroll") be, and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation, balloting, and administrative agent in connection with the Chapter 11 case; and in connection therewith, the Manager be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements, pay appropriate retainers, if required, prior to the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is further

**RESOLVED**, that the Manager be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies to employ any other individual and/or firm as professionals, consultants, financial advisors, or investment bankers to the Companies as are deemed necessary to represent and assist the Companies in carrying out its duties under the Bankruptcy Code and achieving a successful reorganization, and in connection therewith, the Manager be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Chapter 11 Cases, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

**RESOLVED**, that Perry Mandarino be, and hereby is, appointed as Chief Restructuring Officer of the Companies, and the CRO is hereby authorized and empowered to oversee and manage the day-to-day business operations of the Companies and all matters pertaining to the administration and prosecution of the Chapter 11 case, including, without limitation, (a) the management of the Companies' day-to-day business operations, (b) the retention and supervision of professionals engaged by the Companies, (c) all dealings with the Bankruptcy Court, creditors, any official or unofficial committees, the United States Trustee, and other parties in interest, (d) the execution and delivery of any and all agreements, instruments, motions, applications, and other documents on behalf of the Companies, and (e) such other actions as the CRO may deem necessary, proper, or desirable in connection with the restructuring, reorganization, or orderly liquidation of the Companies, in each case subject to the applicable provisions of the Bankruptcy Code and orders of the Bankruptcy Court; and it is further

**RESOLVED**, that the Manager is hereby authorized and directed to execute and deliver any amendments, restatements, or supplements to the operating agreements, limited liability company agreements, or other organizational documents of the Companies as may be necessary or appropriate to reflect the appointment of the CRO, including, without limitation, any

amendments necessary to vest the CRO with their respective rights, powers, and authority as set forth herein; and it is further

**RESOLVED**, that each of the Companies shall indemnify and hold harmless the CRO to the fullest extent permitted by applicable law and the organizational documents of such Company, as amended, from and against any and all claims, damages, losses, costs, and expenses (including reasonable attorneys' fees) arising out of or related to such person's service in such capacity; and it is further

**RESOLVED**, that the Companies are each hereby authorized to employ and engage such other legal, accounting, financial and restructuring firms as it deems necessary, proper or desirable in connection with the successful prosecution of the Chapter 11 case; and it is further

**RESOLVED**, that the Manager is hereby authorized, empowered and directed, in the name and on behalf of the Companies, to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors, liquidators and other professionals, and to take and perform any and all further acts and deeds deemed necessary, proper or desirable in connection with the successful prosecution of the Chapter 11 case; and it is further

**RESOLVED**, that the Manager is hereby authorized, empowered and directed, in the name and on behalf of the Companies, to enter into, execute, deliver, certify, file and/or record, and perform such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates or other documents for the preservation of such entities and/or the value of the estate, and to take such action as in the judgment of such Manager shall be or become necessary, proper and desirable to effectuate the restructuring, reorganization, or orderly liquidation of the Companies' assets, as applicable.

Omnibus Resolutions

**NOW, THEREFORE, BE IT**:

**RESOLVED**, that any and all past actions heretofore taken by any Company Person or officer of the Companies in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed and approved; and it is further

**RESOLVED**, that this Written Consent shall serve in lieu of a special meeting of the Company Persons of the Companies and the undersigned hereby waives all requirements as to notice of a meeting; and it is further

**RESOLVED,** that this Written Consent may be executed in any number of counterparts, each of which shall be deemed an original and all of which taken together shall constitute one and the same instrument.

[SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF**, the undersigned have executed this Written Consent as of the date first set forth above.

**MANAGER**:

*/s/ Michael Shabsels*
Michael Shabsels

# SCHEDULE A

**Companies**

1. 1135 East Chocolate Avenue Leasing LLC, a Pennsylvania limited liability company
2. 4650 Westway Park Boulevard Leasing LLC, a Texas limited liability company
3. Oklahoma Wilshire Lofts Leasing LLC, an Oklahoma limited liability company
4. 1101 East Glendale Boulevard Leasing LLC, an Indiana limited liability company
5. 1133 Northwest L Street Leasing LLC, an Indiana limited liability company
6. 194 Washington Avenue Leasing LLC, a New York limited liability company
7. 200 Great Pond Drive Leasing LLC, a Connecticut limited liability company
8. 2547 Brindle Drive Leasing LLC, a Pennsylvania limited liability company
9. 3385 Newmark Drive LLC, an Ohio limited liability company
10. 45 Commerce Drive Real Estate LLC, a Maine limited liability company
11. Southwest Ohio Associates LLC, an Ohio limited liability company
12. Highland Park Partners LLC, a Delaware limited liability company
13. Belmont Apartments Partners LLC, a Delaware limited liability company